JULIAN E. BAILES, Judge Pro Tem.
This is an action by the plaintiff Stanford J. Levy, Jr., to recover on a claim against his home owners insurance policy for the loss of a diamond engagement ring as a result of a burglary of his home. The defendant, Continental Casualty Company, denied coverage of the specific item on the basis that it had received no notice from plaintiff to include the ring in the policy. The trial court rendered judgment in favor of the defendant dismissing plaintiff’s suit.
The plaintiff appealed. Finding the judgment below correct, we affirm.
The defendant, through its agent, issued to Mr. Levy a home owners policy for a three year term commencing December 5, 1969 and ending December 5, 1972. A list of scheduled property, made a part of the policy, included a diamond ring with a declared value of $2,500.
On March 14, 1970, this ring was stolen and plaintiff received full payment for the loss from the defendant. On May 26, 1970, plaintiff purchased another ring to replace the lost one. This ring was appraised at $1,600. Approximately eight months later the second ring was stolen in a burglary of plaintiff’s home. Defendant denied coverage of this second ring on the ground that the policyholder had not complied with the requirements of the “Additionally Acquired Property” clause in the policy which states in part:
“The following clause is applicable only to jewelry, watches, furs, cameras and musical instruments when such property is covered hereunder. In consideration of the agreement by the insured to report additional property of the kind insured hereunder, acquired by the insured subsequent to the attachment date of this endorsement, within thirty (30) days from the date acquired and to pay full premium thereon from the date acquired at pro rata of the current rates of this Company for such insurance, * * *. It is specifically understood and agreed by the insured that this endorsement shall cease to cover such additionally acquired property if it is not reported to this Company within the stated thirty (30) day period.”
Defendant argues that the above quoted clause clearly indicates no coverage would be in force on a specific item of the class listed therein unless the company was notified within thirty days of its acquisition. The defendant in its answer alleged that plaintiff gave no notice to the company until after the January 30, 1971 theft, more than eight months after the purchase.
Plaintiff alleged that his wife notified the company’s agent by telephone within thirty days of the purchase of the ring and that the agent assured her that coverage would attach immediately. He further alleged that the selling jeweler mailed a typewritten appraisal of the ring to the agent within the required period. The jeweler testified that an appraisal of the ring was typed up for mailing. Although he could not say from personal knowledge *859 whether the appraisal was actually mailed to the agent, he testified that such was the custom of the store, if the appraisal was put into the typewritten form.
Plaintiff further contends that the “Additionally Acquired Property’’ clause is inapplicable in this instance and that the “Loss Clause”, contained in the “Special Conditions” section, is controlling. This clause provides that in the event of payment to the insured for the total loss of an item specifically scheduled in the policy, the insurance company has the option to either return to the insured the unused portion of the premium allocated to the lost item or to apply that premium to an item acquired by the insured to replace the lost one.
The plaintiff claims this clause controls the coverage as to replacement items and that the additional property clause is only applied to items acquired for which there was no prior coverage. The loss clause contains no notice requirements to be complied with.
The questions' to be decided here are whether the “Additionally Acquired Property” clause or the “Loss Clause” controls coverage on a replacement item, and in the event the “Additionally Acquired Property” clause applies, did plaintiff comply with the notice requirements.
The defendant’s agent, a long-time friend of plaintiff, testified that he did not receive the notice of purchase of or the appraisal of the ring from the jeweler, and further, he testified that he never received any telephone call from Mrs. Levy advising him of the purchase of" the diamond ring. This was his unequivocal position although he had been advised by plaintiff that if he denied receiving the appraisal and notice of the purchase of the replacement ring, plaintiff would secure his insurance coverage elsewhere.
With respect to coverage of a specifically scheduled item, the notification requirements of the “Additionally Acquired Property” clause must be fulfilled. The “Loss Clause” merely applies to the disposition of unearned premiums and not to actual coverage of an item. It must be further noted that the trial record is devoid of any allegation that plaintiff actually relied on his interpretation of the loss clause. In actuality, he is trying to prove that he complied with the notice requirements of the “Additionally Acquired Property” clause.
The trial court found that plaintiff did not prove by a preponderance of the evidence that either the appraisal notice had been sent or that plaintiff’s wife had notified defendant’s agent of the newly acquired diamond ring. We find no manifest error in this conclusion.
Plaintiff’s final contention is that coverage was automatically extended to the second ring by the failure of defendant to return the unearned portion of premium on the first ring after its loss and by the subsequent billing of plaintiff for coverage of that same item for the following year. While this action, concerning an item which defendant company knew the plaintiff no longer had,' may be questionable, it cannot alter the clear intention of the policy. To obtain coverage on an item not previously insured, the policy in unambiguous terms requires the insured to report the purchase thereof to the insurance company within thirty days, otherwise all coverage on the item ceases after that period.
In the present case, the plaintiff is alleging coverage and therefore, the burden is upon him to prove that he has met the insuring conditions of the policy applicable to additionally acquired property by a preponderance of evidence. See: Turner v. Ewing, 255 La. 659, 232 So.2d 468. We agree with the trial court that the plaintiff did not discharge this burden.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
Affirmed.